SILPIN PLUMBING CORP., Plaintiff, *v.* A BUILDERS CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, December 13, 1947.

*Silberman & Steinfeld* for plaintiff.

*Abraham Lehman & Henry Lehman* for A Builders Corporation, defendant.

FROESSEL, J. In an action to foreclose a mechanic's lien, plaintiff moves for an order directing the entry of a deficiency judgment against the defendant, A Builders Corporation; the latter opposes upon the ground that plaintiff has failed to comply with the provisions of section 1083 of the Civil Practice Act.

The question presented, apparently for the first time, is: does said section 1083 of the Civil Practice Act apply in

mechanic's lien foreclosures? Mechanics' liens being creatures of statute, it would appear that two sections of the Lien Law furnish the answer, namely, sections 43 and 58:

" Sec. 43. The provisions of the civil practice act relating to actions for the foreclosure of a mortgage upon real property, and the sale and the distribution of the proceeds thereof apply to actions in a court of record, to enforce mechanics' liens on real property, except as otherwise provided in this article. * * * ''

" Sec. 58. If upon the sale of the property under judgment in a court of record there is a deficiency of proceeds to pay the plaintiff's claim, judgment may be docketed for the deficiency against any person liable therefor, who shall be adjudged to pay the same in like manner and with like effect as in judgments for deficiency in foreclosure cases.''

A mere reading of those sections indicate a clear legislative intent to assimilate the practice in mechanic's lien foreclosures to the practice in mortgage foreclosures " except as otherwise provided in this article.'' Nothing is " otherwise provided '' nor is there any limitation or restriction imposed upon the assimilation of such procedure.

We are not dealing here with section 1083-a of the Civil Practice Act which imposes a " Limitation upon deficiency judgments during emergency period '', the so-called moratorium legislation. The mechanic's lien here was filed February 7, 1947, the sale was held May 28, 1947, the deed delivered June 11, 1947, and the order confirming the referee's report of sale was granted July 2, 1947.

When the Legislature amended section 1083 of the Civil Practice Act (L. 1938, ch. 510) changing permanently and not on an emergency basis the procedure whereby a deficiency judgment may be entered, not only with respect to subsequently executed mortgages, but even mortgages or connected agreements dated on or after July 1, 1932 (*Gelfert* v. *National City Bank,* 313 U. S. 221), it must be assumed that it did so with knowledge of existing statutes, including its own procedural regulations with respect to mechanic's lien foreclosures. It may also be assumed that it enacted the latter provisions with full recognition of the fact that existing provisions with respect to mortgage foreclosures might subsequently be amended. (See *Matter of Guardian Life Ins. Co.* v. *Joseph,* 272 App. Div. 481, 484.)

There appears to be no good reason why a plaintiff causing real property to be sold to satisfy a mechanic's lien thereon

should be permitted to derive a possibly unconscionable advantage from a sacrifice of such real property at an enforced sale any more than a plaintiff using the same method to secure payment of a mortgage. In my opinion, section 1083 of the Civil Practice Act was enacted to apply here, and in view of the fact that plaintiff has failed to comply with its provisions as to the ninety-day limitation period, as well as to the presentation by affidavit or otherwise of evidence from which the court may determine the fair and reasonable value of the property as required by said statute, the motion is denied.